UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRILLER FIGHT CLUB II, LLC,<br>  a Delaware Limited Liability Company<br>2121 Avenue of the Stars Suite 2350<br>Los Angeles, CA  90067<br><br>              Plaintiff<br><br>    vs.<br><br>JERREN SWORDS, an individual<br>231 Nauvoo Pond Creek Road<br>West Portsmouth, OH  45663<br><br>              Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:21-CV-00401<br><br>JUDGE:<br><br><br>**COMPLAINT**<br><br>**[Jury Demand Endorsed Hereon]** |

## INTRODUCTION

Plaintiff Triller Fight Club II, LLC, a Delaware limited liability company ("Plaintiff" or "Triller"), for its Complaint against Defendant Jerren Swords, an individual ("Swords" or "Defendant"), alleges and avers as follows:

## NATURE OF THIS ACTION

1. This is a civil action seeking damages for violation of the Federal Communications Act, 47 U.S.C. § 605, et seq., and for violation of the Copyright Act, 17 U.S.C. § 101, et seq.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 101, et seq., and 28 U.S.C. § 1331, which states that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a), which states that district

courts shall have original jurisdiction of any civil action relating to, among other things, copyrights.

3. This Court has personal jurisdiction over the parties in this action because Defendant's violation of federal laws and Plaintiff's rights took place in this district. Moreover, upon information and belief, Defendant resides in this district.

4. Upon information and belief, venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because Defendant resides within this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES & FACTUAL ALLEGATIONS

5. Plaintiff is a limited liability company organized and existing under the laws of Delaware and having its principal place of business in the State of California. Plaintiff is the copyright owner and publisher of the Triller Fight Club broadcast of the "Jake Paul vs. Ben Askren" boxing event, including all undercard bouts and the entire television broadcast, exhibited via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast"). Plaintiff owns a registered copyright in the Broadcast, which bears Registration Number PA 2-290-040, became effective on April 30, 2021, and was decided on May 4, 2021. An unofficial copy of the Copyright Registration Certificate is attached as Exhibit A.

6. Plaintiff is engaged in the business of distributing its copyrighted materials as defined in 17 U.S.C. § 101, and offering such content, including the Broadcast, for purchase on a pay-per-view basis to its paying customers to access, display, and view the content. Plaintiff invests substantial money, time, and effort in advertising, promoting, selling, and licensing programming, such as the Broadcast.

7. As the exclusive owner of the copyright in its programing, including but not limited to the Broadcast, Plaintiff possesses the exclusive rights to, *inter alia*, exhibit, distribute, disseminate, and perform the Broadcast publicly.

8. The Broadcast originated via satellite uplink and, beginning April 17, 2021, was subsequently re-transmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors, such as Plaintiff's authorized online platforms, which offered the Broadcast on a pay-per-view basis.

9. Upon information and belief, Defendant is an individual residing at 231 Nauvoo Pond Creek Road, West Portsmouth, Ohio 45663.  Upon information and belief, in or about May 2021, Defendant admitted knowingly, willfully, and unlawfully receiving, viewing, and illegally accessing the Broadcast without paying Plaintiff the appropriate pay-per-view fees.  Screenshots of Defendant's admissions, which Defendant posted as public comments on the public Instagram account of Triller's owner, are attached as Exhibits B and C.

## COUNT ONE
**(Violation of the Federal Communications Act, 47 U.S.C. § 605)**

10. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of the preceding and subsequent paragraphs as though fully set forth herein.

11. Plaintiff is the copyright owner and publisher of the Broadcast.

12. Plaintiff, or its agents, for a licensing fee, entered into subsequent agreements with various individuals and entities allowing them access to the Broadcast via an internet connection on a pay-per-view basis.

13. Upon payment of appropriate fees, Plaintiff or its agents authorizes or enables individuals to access the pay-per-view Broadcast after the individual pays the appropriate fee.

14. Upon information and belief, with full knowledge that the copyrighted Broadcast was not to be received and used for personal benefit or for the benefit of others by individuals unauthorized to do so, Defendant and/or his agents knowingly, willfully, and unlawfully accessed and received the Broadcast without the permission of Plaintiff or its agents and did unlawfully view the Broadcast for Defendant's own benefit or for the benefit of another not entitled thereto, without paying the appropriate pay-per-view fee.

15. 47 U.S.C. § 605(a) prohibits the unauthorized reception or use of communications for one's own benefit or for the benefit of another not entitled thereto, such as the Broadcast, for which Plaintiff owns and holds the registered copyright.

16. By reason of the aforementioned conduct, Defendant violated 47 U.S.C. § 605(a).

17. By reason of Defendant's violation of 47 U.S.C. § 605(a), Plaintiff has a private right of action pursuant to 47 U.S.C. § 605.

18. As a result of Defendant's violation of 47 U.S.C. § 605(a), Plaintiff is entitled to damages in the discretion of this Court, under 47 U.S.C. § 605(e)(3)(C)(i)(II) of up to $10,000.00.

19. Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), Plaintiff is also entitled to an award of full costs, interest, and reasonable attorneys' fees.

## COUNT TWO
### (Copyright Infringement, 17 U.S.C. § 101, et seq.)

20. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of the preceding and subsequent paragraphs as though fully set forth herein.

21. Plaintiff is the copyright owner and publisher of the Broadcast.

22. Upon information and belief, with full knowledge that the Broadcast was not to be received, viewed, distributed or displayed by persons unauthorized to do so, Defendant, without authorization, and without paying Plaintiff or any other authorized online platform a fee,

knowingly, willfully, and unlawfully accessed, received, viewed, distributed, and/or displayed the Broadcast at the time of its transmission.

23. Plaintiff is informed and believes that the foregoing acts of infringement have been done knowingly and willfully and that Defendant was aware that authorized access to the Broadcast required paying Plaintiff a fee for the ability to view the pay-per-view Broadcast. Upon information and belief, Defendant purposefully disregarded paying Plaintiff the proper fee to access the pay-per-view Broadcast through the proper and authorized online platforms by unlawfully accessing the stream for no cost at all, in disregard of and with indifference to Plaintiff's rights.

24. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of the Broadcast. Plaintiff is further entitled to its attorneys' fees and costs, in the discretion of this Court, pursuant to 17 U.S.C. § 505.

25. The conduct of Defendant is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated or measured in money. Further harm and injury to Plaintiff is imminent, and Plaintiff is without an adequate remedy at law with respect to such harm and injury. Unless Defendant's acts are enjoined, it is highly likely that Defendant will continue to unlawfully access, receive, view, distribute, display or otherwise infringe Plaintiff's copyrighted content.

26. By reason of the aforementioned conduct, Defendant knowingly, willfully, and unlawfully violated 17 U.S.C. § 501.

27. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages under 17 U.S.C. § 501(c)(1) and (c)(2) of up to $150,000.00.

28. Plaintiff is further entitled to its attorneys' fees and costs, in the discretion of this Court, pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Triller Fight Club II, LLC prays for judgment against Defendant Jerren Swords as follows:

A. As to Count One, for statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $10,000.00, for Defendant's willful violation of 47 U.S.C. § 605(a).

B. As to Count Two, for statutory damages in an amount, in the discretion of this Court, of up to the maximum amount of $150,000.00, for Defendant's willful violation of 17 U.S.C. § 501(d)(1) & (d)(2).

C. As to both Counts, for attorneys' fees and costs of suit incurred herein according to proof; and

D. As to both Counts, for such other and further relief as the Court may deem just and proper.

///
///
///
///
///
///
///

## **JURY DEMAND**

Plaintiff Triller Fight Club II, LLC hereby demands a trial by jury on all claims so triable.

/s/ *Robert E. Chudakoff*
Robert E. Chudakoff (OH 0038594), Trial Attorney
Paul J. Linden (OH 0083699)
ULMER & BERNE LLP
Skylight Office Tower
1660 W. 2nd Street – Suite 1100
Cleveland, Ohio  44113-1448
Tel: (216) 583-7000
Fax: (216) 583-7001
rchudakoff@ulmer.com

and

Farhad Novian (CA 118129)
Michael O'Brien (CA 277244)
Alexander Brendon Gura (CA 305096)
  (*pro hac vice* motions forthcoming)
NOVIAN & NOVIAN, LLP
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Tel: (310) 553-1222
Fax : (310) 553-0222
farhad@novianlaw.com
gura@novianlaw.com
michaelo@novianlaw.com

*Attorneys for Plaintiff*
*Triller Fight Club II, LLC*